UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARTON CICERO, individually and on behalf of all other persons similarly situated,<br><br>                      Plaintiff,<br><br>  v.<br><br>SEGWAY INC.,<br><br>                      Defendant. | C.A. No. 25-cv-00369-GBW |
| AARON JOHN SABU and CHRISTOPHER HOLMES, individually and on behalf of all other persons similarly situated,<br><br>                      Plaintiffs,<br><br>  v.<br><br>SEGWAY INC.,<br><br>                      Defendant. | C.A. No. 25-cv-00394-GBW |
| MARY RZEWUSKI and EDWARD STEVEN HEYMER, individually and on behalf of all other persons similarly situated,<br><br>                      Plaintiffs,<br><br>  v.<br><br>SEGWAY INC.,<br><br>                      Defendant. | C.A. No. 25-cv-00463-GBW |

**PLAINTIFFS' AMENDED MOTION FOR CONSOLIDATION
AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL**

Under Federal Rules of Civil Procedure 42(a) and 23(g)(3), Plaintiffs Barton Cicero, Aaron John Sabo, Mary Rzewuski, and Edward Steven Heymer (the "Plaintiffs"), by and through their undersigned counsel, respectfully move this Honorable court for the consolidation of the "Related Actions" (defined below) and for the appointment of Joel D. Smith and Yeremey Krivoshey of

1

Smith Krivoshey, PC ("Smith Krivoshey"), and Mason Barney of Siri Glimstad LLP (SG) (collectively, "Proposed Interim Class Counsel") as Interim Co-Lead Counsel and R. Grant Dick IV of Cooch and Taylor, P.A. as Interim Liaison Counsel.

## I.   INTRODUCTION

The three above-captioned class actions (collectively, the "Related Actions")[1] involve common questions of law and fact against the same defendant, Segway Inc. ("Segway"), and are currently pending before the District. The Related Actions arise from the same operative facts concerning the Consumer Product Safety Commission ("CPSC") recall of approximately 220,000 Segway Ninebot Max G30P and Max G30LP KickScooters (the "Products") sold in the United States because their faulty folding mechanism can cause the handlebars or stem to collapse while the scooter is in use, creating a fall hazard for consumers.[2] The types of injuries and economic damages are the same in all Related Actions. The Related Actions seek the same remedies and compensation for those injured and affected by the recall. As such, the Related Actions present common factual and legal questions, involving the same and/or similar discovery efforts. Consolidating these cases under Rule 42(a) promotes efficiency in the discovery process and ensures consistency in judicial rulings, reducing duplication, costs, and delay.

The Proposed Interim Class Counsel and the interim liaison counsel are prosecuting this litigation in tandem, safeguarding the collective benefit of Plaintiffs and the proposed class members. As set forth below, the Proposed Interim Class Counsel are experienced class action

---

[1] Plaintiffs filed their respective actions as follows: *Cicero v. Segway Inc.*, Case No.: 25-cv-00369-GBW, United States District Court of the District of Delaware, filed March 25, 2025; *Sabo v. Segway Inc.*, United States District Court of the District of Delaware, Case No. 25-cv-00369, filed March 31, 2025; *Rzewuski et al v. Segway, Inc.*, United States District Court of the District of Delaware, Case No. 25-cv-0463-GBW, filed April 15, 2025.

[2]   *See,*   https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-Max-G30P-and-Max-G30LP-KickScooters-Due-to-Fall-Hazard-and-Risk-of-Serious-Injury (Last accessed April 15, 2025).

attorneys with expertise in consumer class action cases involving defective products and automobiles, including products recalled through the CPSC. *See gen*. Declaration of Yeremey Krivoshey ("Krivoshey Decl."), Ex. 1 (Smith Krivoshey firm resume); Declaration of M. Barney ("Barney Decl."), Ex. 1 (Siri Glimstad firm resume). The undersigned counsels have researched and independently developed the legal theories and claims in this matter, have each retained Delaware counsel, have spoken to dozens of class members, have engaged a merits expert, and have submitted a Freedom of Information Act ("FOIA") request on the CPSC concerning the recall. Each firm possesses the resources needed to prosecute this case efficiently on behalf of the proposed class and has already demonstrated its commitment to dedicating the necessary capital and other resources to that effort. And, as discussed below, scores of consumers have already contacted their firms about this lawsuit. Together, the Proposed Interim Class Counsel are uniquely positioned to represent Plaintiffs and the proposed class based upon their pertinent experience. *See gen*. Krivoshey Decl. ¶¶ 2-8 (discussing qualifications of counsel and work done to date on the case); Barney Decl. ¶¶ 2-6 (same).

As detailed below, the early designation of an interim class counsel not only follows the approach this Court and others have addressed similar requests, but is also warranted due to the large volume of affected consumers and the presence of competing putative class actions. Early designation of interim class counsel is crucial to promoting judicial efficiency and preventing an anticipated flood of competing "copycat" case filings across the country. At least two "copycat" class actions have already been filed in the Eastern District of Pennsylvania and the Central District of California. *See, Austin v. Segway, Inc*., Case No. 2:25-cv-01743-KNS (E.D. Penn.); *Hanson v. Segway Inc*., Case No. 2:25-cv-03305 (C.D. Cal."); Krivoshey Decl., Exs 2, 3 (Complaints in

3

copycat cases). By exercising its authority under Rule 23(g) to appoint interim class counsel, this Court will promote the fair and efficient resolution of this controversy.

Finally, R. Grant Dick IV and the law firm of Cooch and Taylor, P.A. is well-positioned to serve as liaison counsel due to their experience litigating class action cases in the District of Delaware.

Counsel for Plaintiffs has conferred with counsel for Defendant concerning this motion, and Defendant does not oppose the relief requested.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Related Actions arise from the recall of Segway's defective scooters. Segway is a Delaware company that designed, built, manufactured, marketed, distributed, promoted, and/or sold the *defective* Scooters nationwide, including in Delaware. The Plaintiffs allege that on March 20, 2025, the CPSC announced a recall of approximately 220,000 of the noticed Products sold in the United States because the folding mechanism can fail and cause the handlebars or stem to fold while the scooter is in use, posing a fall hazard to consumers.[3] The Products were sold nationwide at Best Buy, Costco, Walmart, Target, and Sam's Club and online at Segway.com and Amazon.com, from January 2020 through February 2025, priced between $600 and $1,000.[4] The Products include all Segway Ninebot Max G30P and Max G30LP KickScooters.[5]

---

[3]   *See,* https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-Max-G30P-and-Max-G30LP-KickScooters-Due-to-Fall-Hazard-and-Risk-of-Serious-Injury (Last accessed April 15, 2025).
[4] *Id.*

[5]The Max G30LP KickScooter is gray in color with yellow accents and the Max G30P is black in color with yellow accents. The brand name "ninebot" appears on the foot platform and the top of the handlebars. The model number is located on a label on the side of the foot deck. The Max G30P model is 46 inches long, 19 inches wide, 47 inches high and weighs 42 pounds. The Max G30LP model is 44 inches long, 19 inches wide, 45 inches high and weighs 39 pounds. *See,* https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-Max-G30P-and-Max-G30LP-KickScooters-Due-to-Fall-Hazard-and-Risk-of-Serious-Injury.

The manufacturing defect renders the Products unfit for the ordinary purpose they are used: for safe and reliable transportation. Moreso, when Defendant's recall notice states that "[c]onsumers should immediately stop using the recalled scooters."[6] Segway offers consumers only one option: to participate in a recall by ordering a free maintenance kit after registering with the company.[7]

As a result of Defendant's conduct in connection with the design, manufacturing, distribution, recall, and repair of the Products, Plaintiffs and the proposed class paid a price premium and sustained economic injuries. Some of the Plaintiffs, like many proposed class members, also suffered severe physical injuries due to the manifestation of the Defect, ending up in emergency rooms throughout the country. As such, the Related Actions are class action lawsuits filed by Plaintiffs against Defendant, alleging that Defendant caused injury in fact, including economic and statutory damages. Through their putative class actions, Plaintiffs allege a combination of the following causes of action against Defendant: (i) breach of the implied warranty of merchantability, (ii) fraud, (iii) violations of state consumer protection statutes (including violations of Mass. Gen. Laws Chapter 93A, California's Unfair Competition Law, California's Consumer Legal Remedies Act, California's False Advertising Law, California's Song-Beverly Consumer Warranty Act, Illinois' Consumer Fraud and Deceptive Practices Act, and New York General Business Law §§ 349 and 350), and (iv) unjust enrichment/quasi-contract. After filing their respective cases, Plaintiffs' counsel conferred regarding potential consolidation and coordination and jointly filed this motion.

---

[6] *See,* https://www.cpsc.gov/Recalls/2025/Segway-Recalls-Segway-Ninebot-Max-G30P-and-Max-G30LP-KickScooters-Due-to-Fall-Hazard-and-Risk-of-Serious-Injury (Last accessed April 15, 2025).

[7] *Id.*

As will be discussed further, the undersigned have the requisite experience and resources to be appointed interim class counsel and liaison counsel under Fed. R. Civ. P. 23(g), and they have been working extensively, efficiently, and cooperatively on this matter since it was filed. Accordingly, Plaintiffs respectfully move the Court to grant this motion.

### III.     CONSOLIDATION OF THE RELATED ACTIONS

Plaintiffs respectfully request – and jointly agree – that the Related Actions be consolidated. The power to consolidate related actions falls within every court's broad, inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See, Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

*See,* Rule 42(a); *see also, UNeMed Corp. v. ProMera Health, LLC*, No. 8:15CV135, 2016 WL 1259387, at *2 (D. Neb. Mar. 30, 2016) ("Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration.") (citing *9 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383* (2d ed. 1994)).  Further, the consolidation of related class actions and appointment of interim class counsel is routinely handled together in this District and the Third Circuit. *See, e.g., Outten v. Wilmington Trust Corp*., 281 F.R.D. 193, 196-202 (D. Del. Mar. 15, 2012) (consolidating class action cases and appointing interim lead class counsel); *Thomas v. Gerber Prods. Co*., 2012 WL 1606627, at *1-3 (D.N.J. May 8, 2012) (same).

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the recall of Segway's Defective Scooters. Specifically, each Related Action focuses on whether Defendant is liable to Plaintiffs and the putative class, which consists of everyone who has purchased the Defendant's Defective Scooters, for its misconduct, misrepresentations, and omissions ("Putative Class"). Also, the Related Actions raise identical legal and factual issues concerning duty and breach, name the same Defendant, arise from the same recall, and involve similar injuries and economic damages. The undersigned Plaintiffs' counsel in each Related Action anticipate that these will involve substantially the same discovery. Thus, consolidation would improve efficiency and consistency in judicial rulings and reduce delay and cost. *See, Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Consequently, if not consolidated, the isolated litigation of the Related Actions would result in virtually identical discovery requests and duplicative motion practice, resulting in an unnecessary drain on judicial resources. This is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*:

> "Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named

> Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to 'secure the just, speedy, and inexpensive determination' of these proceedings."

*See, Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 16-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), *report and recommendation adopted*, No. 16-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016).

Further, to promote continued judicial efficiency, Plaintiffs also respectfully request that the Court consolidate with this action any future cases filed in or transferred to this Court involving the same or similar facts. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. 11-43, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case."); *see also, Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co*., 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.")

Defendant suffers no prejudice by litigating one consolidated action rather than three—or

many more—separate suits. Consolidation of the Related Actions would therefore benefit all parties involved.

## IV. APPOINTMENT OF INTERIM CO-LEAD COUNSEL

### A. The Appointment of Interim Class Counsel Is Appropriate Here

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of an interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." *See,* Fed. R. Civ. P. 23(g)(3) (cited by *Doe v. GoodRx Holdings, Inc.*, No. 23-cv-00501-AMO, 2023 WL 4384446, at *1 (N.D. Cal. July 7, 2023); *see also, In re F21 Opco LLC Data Breach Litig.*, No. 2:23-CV-07390-MEMF-AGR, 2024 WL 2984018, at *2 (C.D. Cal. June 12, 2024)); *Henderson v. Volvo Cars of N. Am., LLC*, Civil Action No. 09-cv-4146(DMC)(JAD), 2010 U.S. Dist. LEXIS 151733, at *7 (D.N.J. Nov. 1, 2010). The Court need not make any decision as to whether class certification will eventually be granted in order to appoint interim class counsel. *Id*. The appointment of interim counsel is discretionary and is particularly suited to complex actions. *See, In re Shop-Vac Mktg. & Sales Practices Litig.*, No. MDL No. 2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013).

Rule 23(g) contemplates early appointment of class counsel where, as here, there is a presence of later-filed, copycat cases, and a likelihood that other copycat cases will follow. *See, e.g.*, *Bernstein v. Cengage Learning, Inc*., 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("[T]he recent existence of those other cases asserting similar claims with other plaintiffs represented by counsel other than [Proposed Interim Class Counsel] shows that the possibility of more such cases is not foreclosed. Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."); *see also, Niemczyk v. Pro Custom Solar*, 2024 WL 1698056, at *2 n. 3 (D.N.J. Jan. 3, 2024)

(appointing Smith Krivoshey, PC's Yeremey Krivoshey (at the time with his prior law firm) as co-lead interim class counsel where counsel was first to file and there was "at least" one other putative similar class action pending against the defendant in a different district court); *In re Imagine 360, LLC Data Security Incident Lit*., 2023 WL 6810247, at *1 (E.D. Penn. Oct. 16, 2023) (appointing Siri & Glimstad's Mason Barney as interim co-lead counsel in putative class cases filed several weeks apart concerning the same data breach); *Thomas v. Gerber Prods. Co*., 2012 WL 1606627, at *1 (D.N.J. May 8, 2012) (granting motion to consolidate and appointing interim lead class counsel where related class actions were filed throughout the country concerning allegedly misleading marketing of baby formula); *Tolmasoff v. General Motors, LLC*, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (appointing two law firms as interim class counsel where "other[] [similar cases] may follow.")

Multiple, identical, or similar actions prevent efficient prosecution of claims, may lead to a disjointed legal strategy, and can prejudice defendants, plaintiffs, and putative class members. *See, e.g.*, *Brown v. Accellion, Inc.,* No. 5:21-cv-01155-EJD, 2023 U.S. Dist. LEXIS 23146, at *6 (N.D. Cal. Feb. 10, 2023); *see also, Ekin v. Amazon Servs., LLC*, No. 14-244, 2014 WL 12028588, at *3 (W.D. Wash. May 23, 2014) ("designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.") (quoting Manual of Complex Litigation § 21.11 (4th ed. 2004)). Indeed, the Advisory Committee Notes to Rule 23(g)(2)(A) explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class."

Designating an interim counsel now will "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions,

10

conducting any necessary discovery, moving for class certification, and negotiating settlement." *See,* MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ("MCL"). This clarity is crucial here given (i) the ubiquity of the defect, (ii) the volume of consumers who have contacted the undersigned counsel about the defect and this lawsuit, and (iii) the presence of the later-filed copycat cases. The appointment of an interim class counsel will ensure that these proposed class members can speak with one voice.

Additionally, determining the appointment of the lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *See, In re F21 Opco LLC Data Breach Litig.*, 2024 U.S. Dist. LEXIS 105444, at *1 (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *See,* Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that the counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *See, MCL*, § 10.22. The goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also, Cappello v. Franciscan All., Inc.*, No. 16-290, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See,* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

>   **B.    The Court Should Appoint Smith, Krivoshey, And Barney As Interim Co-Lead Counsel**

As discussed further, the Proposed Interim Class Counsel readily satisfy every Rule

23(g)(1)(A) factor.

        **i.**    **The Proposed Interim Class Counsel Performed Substantial Work in Investigating this Action.**

**First**, the Proposed Interim Class Counsel have been diligent in investigating and advancing this case. Among other things, (i) they have investigated the circumstances surrounding the Products and the alleged defect, (ii) Defendant's recall of the product and Defendants' handling of consumer complaints, and (iii) the consumer experiences concerning the Products. *See, In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2010 WL 1433316, at *6 (N.D. Ill. Apr. 7, 2010) (noting that the lead firm's "amended complaint is detailed and showcases its attorneys' efforts in prosecuting this matter, and the court therefore considered it favorably when evaluating the relative merits of the applicants"); *see also, Moore's Federal Practice* § 23.120[3][a] (2007) (noting that courts may consider whether applicant has undertaken "the process of drafting the complaint [which] requires investigatory and analytical effort"). Krivoshey Decl. ¶ 8; Barney Decl. ¶ 4.

**Second**, their firms have (i) devoted substantial time to researching the relevant law to prepare the complaints, (ii) conferred with dozens of consumers that have contacted their firms, (iii) retained an expert that they anticipate will submit a report at class certification, and (iv) have served a FOIA request on the CPSC. *See, In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9-10 (N.D. Cal. Apr. 15, 2008) (appointing firm to leadership position where it had "engaged an antitrust economist and invested significant time researching and investigating the potential claims…"); *In re Vanguard Chester Funds Lit.*, 625 F. Supp. 3d 362, 366 (E.D. Penn. Sep. 1, 2022) ("When analyzing the first Rule 23(g)(1)(A) factor, the work the work that counsel has done to identify or investigate potential claims, the court may look to whether proposed counsel had interviewed class members, researched claims, and engaged

12

experts to determine the depth of their investigation.") (internal quotations and bracketing omitted); Krivoshey Decl. ¶ 8. All these factors support their appointment.

### ii. The Proposed Interim Class Counsel Have Relevant Experience and Knowledge of the Applicable Law.

"In terms of the second and third Rule 23(g)(1)(A) factors concerning knowledge and experience, courts have considered both the general and specific experience of counsel." *See, In re Vanguard Chester Funds Lit.*, 625 F. Supp. 3d 362, 366 (E.D. Penn. Sep. 1, 2022). The Proposed Interim Class Counsel may be among the most qualified counsel in the country as to both "general" experience litigating complex class actions, and "specific" experience litigating and resolving CPSC recall class actions. The qualifications and experience of these firms are detailed in the accompanying declarations filed herewith and the firm resumes attached thereto. Krivoshey Decl. ¶¶ 2-7; Barney Decl. ¶¶ 2-3.

As to "general" class action experience, the Proposed Interim Class Counsel have a slate of attorneys that have demonstrated decades of success in complex class actions nationwide. For instance, Smith Krivoshey's attorneys have accomplished the relatively rare feat of taking a class action through trial and winning. In 2019, Mr. Krivoshey[8] secured a $267 million class action verdict in the *Perez v. Rash Curtis & Associates* case after a jury trial in the Northern District of California, which was the 12th largest verdict in the United States in all practice areas that year, and the 3rd highest class action verdict. *See, Perez v. Rash Curtis & Associates*, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) (upholding constitutionality of $267 million class trial judgment award). In 2021, the case settled for $75.6 million while on appeal, still the largest consumer class action settlement in the history of the Telephone Consumer Protection Act. *See, Perez v. Rash Curtis &*

---

[8] Mr. Krivoshey was at the time a partner at the law firm of Bursor & Fisher, P.A.

*Associates*, Case No. 16-cv-03396-YGR (N.D. Cal. Oct. 1, 2021).  Similarly, Siri & Glimstad was recently involved in a class action alleging violations of the Telephone Consumer Protection Act ("TCPA") which resulted in a settlement of $25,000,000 (plus free satellite radio service) to a potential class of over 14 million customers. *See Buchanan v. Sirius XM Radio, Inc.*, Case No. 3:17-cv-00728 (N.D. Tex.). The Proposed Interim Class Counsel attorneys assigned to this matter (i) have secured hundreds of millions on behalf of consumers through class settlements, (ii) routinely serve as appointed lead or co-lead class counsel, and (iii) are recognized experts in complex class actions. *See* Krivoshey Decl. ¶¶ 3-6; Barney Decl. ¶¶ 2-3.

As to the "specific" knowledge and experience concerning CPSC recall and product defect class actions, the Proposed Interim Class Counsel are amongst the most experienced and successful attorneys in the country.  For instance, in *Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116 (C.D. Cal. Sept. 23, 2020), Joel Smith of Smith Krivoshey[9] won a contested motion for class certification in a case concerning chainsaws that CPSC recalled; an incredibly rare feat in a CPSC recall case.  The case later settled for a valuation of up to $40 million on a class basis.  The Proposed Interim Class Counsel have also settled many other product-defect cases on a class basis, including car defects, electronic defects, and other class actions stemming from CPSC recalls.  *See, e.g., Payero et al. v. Mattress Firm*, Case No. 7:21-cv-03061-VLB (S.D.N.Y.) (final approval granted for $4.9 million settlement achieved by Joel Smith stemming from a CPSC recall of bed frames); *see also, George et al. v. Jaguar Land Rover N. America, LLC*, Case No. 2:20-cv-17561-JSA (D.N.J.) (granting final approval to class settlement in case where Jaguar and Land Rover's infotainment systems were alleged to be defective, where Smith Krivoshey was appointed co-lead counsel).

---

[9] Mr. Smith was at the time a partner at the law firm of Bursor & Fisher, P.A.

### iii. The Proposed Interim Class Counsel Have Committed the Resources Necessary to Represent the Class and Will Continue to Commit Through the Pendency of the Litigation

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative classes. *See,* Fed. R. Civ. P. 23(g)(1)(C). As needed, the proposed interim co-lead counsel can draw upon the skills and talents of experienced attorneys and staff members located across the country. Each firm understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the proposed class members. Moreover, the Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to prosecuting this action, including vetting anticipated class certification experts. Krivoshey Decl. ¶ 8. The Proposed Interim Class Counsel have also communicated with dozens of affected consumers, drafted complaints, and served a FOIA request. *See id*. To ensure adequate funds are available to prosecute this litigation on behalf of the Putative Class, the Proposed Interim Class Counsel will also establish a system to pay assessments proportional to the needs of the case. And, as their firm resumes and counsels' experience indicate, the Proposed Interim Class Counsel have the resources and willingness to see this litigation through to its conclusion, including trial. *See* Krivoshey Decl. ¶¶ 7, 11; Barney ¶ 6. *See, also,, e.g., In re Imagine360, LLC Data Security Incident Lit*., at *2 ("Mr. Barney is backed by a nationwide, well-established law firm [(Sir Glimstad)] that, along with Mr. Barney's experience and assured diligence, will devote proper resources to this matter.").

### iv. The First-to-File Rule Further Supports the Appointment of Proposed Interim Class Counsel.

The *Cicero v. Segway Inc*. and *John Sabu, et al. v. Segway Inc*. actions, filed by Smith Krivoshey, are the first and second-filed actions concerning the Defendant's recall of the Products

15

– the Ninebot Max G30P and/or the Max G30LP Kickscooters. When considering Rule 23(g) motions, federal courts nationwide give deference to counsel in the first-filed case when they are qualified to handle the action. *See, In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints and holding that where a firm has "filed the first complaint[] in [the] case, and the subsequent complaints filed . . . are substantially similar to those initial filings," it provides evidence of the firm's "substantial history of investigating the potential claims in this action."); *see also, In re Insulin Pricing Litig.*, 2017 WL 4122437, at *3 (D.N.J. Sept. 18, 2017) (appointing class counsel in part because they "filed the first complaint in this litigation"); *Steele v. United States*, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."); *Carlin v. DairyAmerica, Inc.*, 2009 WL 1518058, at *2 (E.D. Cal. May 29, 2009) (where multiple counsel filing two identical class action lawsuits seek appointment of interim class counsel, appointment of the first-filed counsel is appropriate where "a simple comparison of the original complaint . . . with the [second-filed complaint] reveals that they are almost identical"); *Moradi v. Adelson*, 2011 WL 5025155, at *3 (D. Nev. Oct. 20, 2011) ("Moreover, as the Moradi Plaintiffs were the first to file suit, it would be appropriate to assign [their attorneys] as lead counsel."); *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003) (noting that courts will

consider which action was filed first for lead counsel purposes where "there is a need for an objective tie-breaker").

The Proposed Interim Class Counsel respectfully urges the Court to follow the prevailing approach adopted by courts nationwide and reach the same result. Notably, even a cursory review of the later-filed complaints shows that they are essentially copycats that do not add anything meaningful to this litigation. *See* Krivoshey Decl., Ex. 2 (*Austin v. Segway, Inc*. complaint); *id*. Ex. 3 (*Hanson v. Segway Inc.* complaint). For instance, the later-filed *Austin* complaint was brought by one Louisiana consumer within the Eastern District of Pennsylvania, against Defendant, a Delaware corporation based in China, with a California U.S. headquarters. *See, Austin* Compl., at ¶¶ 13-14. There is no conceivable tie to Pennsylvania, and the undersigned counsel struggle to see how the Eastern District of Pennsylvania even has jurisdiction. The later-filed *Hanson* complaint is filed by one Arizona resident within the Central District of California, although the plaintiff asserts he was a Washington resident at the time of purchase. *See,* Hanson Compl., at ¶ 18-19. Plaintiff in *Hanson* asserts California CLRA, UCL, FAL, and Song-Beverly Act claims, despite neither residing in California nor purchasing the products there, along with claims under Washington and Arizona law—despite not being in Arizona at the time of purchase. *See, id*. ¶¶ 79-127. The Proposed Interim Class Counsel are in a far better position to lead this action on behalf of the Putative Class because they (i) filed in the proper venue (this Court has general jurisdiction over Defendant), (ii) have vetted far more appropriate plaintiffs to maximize litigation and settlement pressure (with Plaintiffs from California, New York, Massachusetts, and Illinois), (iii) have done a more thorough investigation and work-up of the case, and (iv) have the most qualified counsel. Likewise, appointing an interim lead counsel now will have the added benefit of stemming the wave of future copycat filings in jurisdictions nationwide.

### v. Cooch and Taylor, P.A. (R. Grant Dick IV) Should be Appointed as the Interim Liaison Counsel.

Plaintiffs also request that the Court appoint R. Grant Dick IV of Cooch and Taylor, P.A. as the Interim Liaison Counsel. In its discretion, a court may appoint an interim liaison counsel to assist the interim class counsel, particularly in ensuring compliance with local rules and promoting adherence to best practices. *See,* MCL, § 10.221. The tasks to be performed by the interim liaison counsel in this litigation include, but are not limited to, the following:

> 1. Work in conjunction with interim class counsel to assist in coordination of meetings, discovery, litigation positions, and other tasks;
>
> 2. Ensure that Plaintiffs comply with all local rules and procedures governing the practice of law before this Court;
>
> 3. Maintain and distribute to co-counsel and to Defendants' liaison counsel an up to-date service list;
>
> 4. Receive and, as appropriate, distribute to co-counsel orders from the court and documents from opposing parties and counsel; and
>
> 5. Establish and maintain a document depository.

*See,* MCL, §§ 40.22, 10.221. In this respect, Mr. Dick of Cooch and Taylor, P.A. is well-situated to serve in this role, as he (i) is a director of Cooch and Taylor, P.A., located in Delaware; (ii) maintains a thriving plaintiff-side complex litigation practice including the prosecution of class actions in diverse areas of law such as data breach, WARN, and shareholder rights cases; and (iii) regularly practices before this Court. *See gen*. Krivoshey Decl., Ex. 4 (Cooch and Taylor P.A. firm resume). Consequently, his knowledge of the Delaware bar and this Court will help this matter proceed with the utmost efficiency and professionalism.

**STATEMENT REGARDING DELAWARE L.R. 7.1.1**

As required by Local Rule 7.1.1, counsel for movant avers that he has conferred with counsel for Defendant and that a reasonable effort, including oral communications, has been made to reach agreement with the opposing party on the matters set forth in the motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Joel D. Smith, Yeremey Krivoshey, and Mason Barney as Interim Co-Lead Counsel. Plaintiffs further request that R. Grant Dick IV of Cooch and Taylor, P.A. be appointed Interim Liaison Counsel.

Dated: July 18, 2025

  */s/ R. Grant Dick IV*
  R. Grant Dick IV (#5123)
  Kevin D. Levitsky (#7228)
  **Cooch and Taylor, P.A.**
  1000 N. West Street, Suite 1500
  Wilmington, DE 19801
  Telephone: 302-984-3800
  Email: gdick@coochtaylor.com
       klevitsky@coochtaylor.com

  Yeremey O. Krivoshey (admitted *pro hac vice*)
  **Smith Krivoshey, PC**
  166 Geary Street, Suite 1500-1507
  San Francisco, CA 94108
  Telephone: 415-839-7077
  Facsimile: 888-410-0415
  Email: yeremey@skclassactions.com

  Joel D. Smith (admitted *pro hac vice*)
  **Smith Krivoshey, PC**
  867 Boylston Street 5th Floor #1520
  Boston, MA 02116
  Telephone: 617-377-7404
  Facsimile: 888-410-0415
  Email: joel@skclassactions.com

Mason A. Barney*
Leslie L. Pescia*
**SIRI | GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Main: 212-532-1091
Facsimile: 646-417-5967
mbarney@sirillp.com
lpescia@sirillp.com

Kevin Laukaitis*
Daniel Tomascik*
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Phone: (215) 789-4462
klaukaitis@laukaitislaw.com
dtomascik@laukaitislaw.com

* *pro hac vice forthcoming*

*Attorneys for Plaintiffs and the Proposed Class*