# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARTON CICERO, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SEGWAY INC.,<br><br>Defendant. | C.A. No. 25-cv-00369-GBW |
| AARON JOHN SABU and CHRISTOPHER HOLMES, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEGWAY INC.,<br><br>Defendant. | C.A. No. 25-cv-00394-GBW |
| MARY RZEWUSKI and EDWARD STEVEN HEYMER, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SEGWAY INC.,<br><br>Defendant. | C.A. No. 25-cv-00463-GBW |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD COUNSEL

The Court, having considered *Plaintiffs' Motion for Consolidation and Appointment of Interim Co-Lead Counsel* (the "Motion")[1], hereby **ORDERS**:

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the above-captioned

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Related Actions (*Cicero v. Segway Inc.*, C.A. No. 25-cv-00369-GBW; *Sabo v. Segway Inc.*, C.A. No. 25-cv-00369-GBW; and *Rzewuski et al v. Segway, Inc.*, C.A. No. 25-cv-0463-GBW) shall be consolidated before this Court for all purposes, including pre-trial proceedings and trial, under C.A. No. 25-cv-00369-GBW (CONSOLIDATED) (the "Consolidated Action").

2. The docket in C.A. No. 25-cv-00369-GBW shall constitute the Master Docket for these consolidated cases and all papers filed in connection with the Consolidated Action shall be filed in C.A. No. 25-cv-00369-GBW (CONSOLIDATED).

3. Every pleading filed in the Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF DELAWARE

| IN RE SEGWAY SCOOTER RECALL LITIGATION | C.A. No. 25-cv-00369-GBW<br>CONSOLIDATED |
|---|---|

4. Plaintiffs shall file a Consolidated Complaint within 21 days of this Order.

5. All related cases that are subsequently filed in, or transferred to, this District shall be consolidated into this Consolidated Action for all purposes.

6. If a case which properly belongs as part of this Consolidated Action is hereafter filed in this Court or transferred here from another court, counsel for Defendant or counsel for Plaintiffs shall promptly call to the attention of the Clerk of the Court the filing or transfer of any such case, and counsel for Plaintiffs shall assure that counsel in subsequent actions receive notice of this Order. Upon receiving notice of this Order, counsel for the new action shall have ten (10) days to file papers as to why the new action should not be consolidated. Any party may thereafter file papers with respect to such filing within fourteen (14) days thereafter.

7. All papers and documents previously filed and/or served in any of the cases

consolidated herein shall be deemed a part of the record in this Consolidated Action.

8. The Court appoints Joel D. Smith and Yeremey Krivoshey of Smith Krivoshey, PC and Mason Barney of Siri Glimstad LLP (SG) (collectively, "Interim Class Counsel") as Interim Class Counsel and R. Grant Dick IV of Cooch and Taylor, P.A. as Interim Liaison Counsel.

9. Interim Class Counsel, in accordance with all relevant Local Rules, will be generally responsible for the overall conduct of the litigation on behalf of the putative class members and shall have sole authority to do the following:

   a. Determine and present to the Court and opposing parties the position of the named plaintiffs and putative class members on all matters arising during pretrial proceedings;

   b. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

   c. Coordinate the initiation and conduct of discovery on behalf of the named plaintiffs and putative class members consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules;

   d. Hire expert witnesses and consultants on behalf of the named plaintiffs and putative class members, as needed to prepare for class certification or trial, and advance other costs that may be reasonable and necessary to the conduct of the litigation;

   e. Conduct settlement negotiations on behalf of the named plaintiffs and putative class members, and, if appropriate, to enter into a settlement that is fair, reasonable, and adequate on behalf of the putative class members;

   f. Monitor the activities of all counsel to ensure that schedules are met and

    unnecessary expenditures of time and funds are avoided; and

  g. Perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of plaintiffs and putative class members or authorized by further order of this Court.

10. The tasks to be performed by the Interim Liaison Counsel in this litigation include, but are not limited to, the following:

  a. Work in conjunction with Interim Class Counsel to assist in coordination of meetings, discovery, litigation positions, and other tasks;

  b. Ensure that Plaintiffs comply with all local rules and procedures governing the practice of law before this Court;

  c. Maintain and distribute to co-counsel and to Defendants' local counsel an up to-date service list;

  d. Receive and, as appropriate, distribute to Interim Class Counsel orders from the court and documents from opposing parties and counsel; and

  e. Establish and maintain a document depository.

SO ORDERED this 6th day of October, 2025.

                  _____
                  United States District Judge